UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MERRITT LEE AUSTIN,<br><br>Defendant. | Case No. 1:18-cr-00023-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Merritt Austin's Motion for Reduction of Sentence under 18 U.S.C. 3582(c) (Compassionate Release). Dkt. 40. The Government has not responded to the motion. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

In 2018, Austin pled guilty to possession with intent to distribute methamphetamine and was sentenced to 124 months incarceration. Austin was arrested following a traffic stop; officers found 81 grams of actual methamphetamine in his vehicle. *PSR*, Dkt. 28. Austin has an extensive criminal history, largely involving drug related offenses. He has received substance abuse

treatment in the past but was not previously able to remain sober. *Id.* ¶ 67.

Austin has served approximately 38 months of his sentence. His projected release date is October 13, 2026. Austin is currently incarcerated at FCI Lompoc, which has no inmates and one staff member with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed March 9, 2021).

Austin is 61 years old and suffers from a variety of medical conditions, including diabetes and obesity, which put him at greater risk of severe complications from COVID-19. Austin previously contracted COVID and has since recovered. Dkt. 40 at 2.

## LEGAL STANDARD

Austin seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary

MEMORANDUM DECISION AND ORDER - 2

and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Austin requested compassionate release from the Warden of his facility, which was denied on May 13, 2020. Therefore, his motion is ripe for consideration.

The § 3553(a) factors do not warrant a reduction of Austin's sentence. Austin has served only 38 months of his sentence. Austin has multiple drug convictions. He committed the instant offense while on parole from a previous conviction. The Court has considered Austin's post-sentence conduct and medical history and finds that it does not significantly alter the § 3553(a) analysis. Considering Austin's repeat offenses despite drug treatment, the Court cannot find that he is not a danger to the community if released.

Austin's age and health conditions may constitute extraordinary and compelling circumstances, but they do not outweigh the § 3553(a) analysis. Further, Austin contracted COVID and recovered. FCI Lompoc has no inmates with current COVID infections. Finally, BOP is actively distributing vaccines.

## ORDER

**IT IS ORDERED** that Merritt Austin's Motion for Reduction of Sentence under 18 U.S.C. 3582(c) (Compassionate Release) (Dkt. 40) is DENIED.

DATED: March 15, 2021

B. Lynn Winmill
U.S. District Court Judge