UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MERRITT LEE AUSTIN,<br><br>Defendant. | Case No. 1:18-cr-00023-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Merritt Lee Austin's Motion for Reconsideration (Dkt. 43), as amended/supplemented (Dkt. 44). Austin seeks reconsideration of the Court's memorandum decision and order (Dkt. 42) in which the Court denied Austin's motion for compassionate release. The Court will deny reconsideration.

# LEGAL STANDARD

A motion for reconsideration in a criminal case is subject to the same standard as in a civil matter. *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000); *see also United States v. Motalebi*, No. 2:17-CR-34 JCM (NJK), 2021 WL 2583548, at *1 (D. Nev. June 23, 2021) ("Courts resolve reconsideration

**MEMORANDUM DECISION AND ORDER - 1**

motions in criminal cases using the same standard as in civil cases."). Under those standards, motions for reconsideration are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that a movant must overcome to prevail on a motion for reconsideration reflects the "concerns for preserving dwindling resources and promoting judicial efficiency." *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As a result, the moving party must demonstrate that reconsideration is warranted based on one of four limited grounds: (1) to correct manifest errors of law or fact; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law. *See Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

A motion for reconsideration is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Thus, the "motion may not be used to raise arguments or present evidence for the first time [that] could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor is it an opportunity to reargue the moving parties' positions. *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court

**MEMORANDUM DECISION AND ORDER - 2**

denied a motion to reconsider the judgment based on the same arguments made in the original motion).

## ANALYSIS

Austin's previous motion for compassionate release, filed through counsel, requested compassionate release on the basis of Austin's type II diabetes, hypertension, obesity, and other chronic health problems. (*See* Dkt. 40.) The Court thoroughly analyzed the record, including Austin's age and chronic health conditions, and the fact that Austin had previously tested positive for COVID-19 while in custody. (Dkt. 42.) The Court concluded that although Austin's age and health conditions may constitute extraordinary and compelling circumstances, they do not outweigh the § 3553(a) analysis. (*Id.*) The Court therefore denied the motion for compassionate release.

In his motion for reconsideration, Austin reiterates his chronic medical conditions. (Dkt. 43.) These conditions, which were already considered by the Court in denying his motion for compassionate relief, are insufficient to support reconsideration.

Austin also concedes in his motion for reconsideration that he has received the COVID-19 vaccination. He contends, however, that 40 percent of the staff and 30 percent of the prisoners at Lompoc, where he is housed, have refused to be

vaccinated. He expresses the belief that, as a result, it is just a matter of time before there is another outbreak at Lompoc. He also cites to the spread of the Delta variant in support of reconsideration.

The Court does not find Austin's status as being vaccinated, the spread of the Delta variant, or the rate of vaccination among staff and inmates at Lompoc to be sufficient to warrant reconsideration. According to the Centers for Disease Control (CDC), fully-vaccinated people have a significantly reduced risk of COVID-19 infection; "[i]nfections happen in only a small proportion of people who are fully vaccinated, even with the Delta variant"; and those who do get infected "are at substantially reduced risk of severe illness and death from COVID-19 compared with unvaccinated people." https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (July 27, 2021 update) (last accessed August 10, 2021). Thus, Austin's status as being vaccinated significantly reduces his risk of being reinfected with COVID-19, even from the Delta variant, or of suffering severe illness or death in the event he does become reinfected. Moreover, as of August 10, 2021, there were no inmates and only three staff at Lompoc with confirmed active COVID-19 cases. *See* https://www.bop.gov/coronavirus/ (last accessed August 10, 2021).

Finally, Austin seeks reconsideration on the ground that he is an addict and

**MEMORANDUM DECISION AND ORDER - 4**

"consumed more than what was even sold." (Dkt. 44.) Austin has not demonstrated that he has exhausted this issue. However, even if he has exhausted this issue, his addiction was known at the time of sentencing, does not constitute extraordinary and compelling reasons warranting a reduction in Austin's sentence, and does not warrant reconsideration of the Court's order denying compassionate release.

## ORDER

**IT IS ORDERED** that Merritt Lee Austin's Motion for Reconsideration (Dkt. 43) as amended/supplemented (Dkt. 44) is DENIED.

DATED: August 18, 2021

_____
B. Lynn Winmill
U.S. District Court Judge