UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MERRITT LEE AUSTIN,<br><br>Defendant. | Case No. 1:18-cr-00023-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Merritt Lee Austin's *pro se* Supplement to Motion for Reconsideration (Dkt. 46) which the Court construes as a motion to reconsider its Memorandum Decision and Order (Dkt. 45). For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

In 2018, Mr. Austin pled guilty to possession with intent to distribute methamphetamine involving 81 grams of actual methamphetamine and was sentenced to 124 months of incarceration. *PSR*, Dkt. 28. He had an extensive

mostly drug-related criminal history. *Id*. He is currently housed at FCI Lompoc with a projected release date of October 13, 2026.

Through his attorney, Mr. Austin filed a COVID-related Motion for Reduction of Sentence under 18 U.S.C. § 3582(c) (Compassionate Release) (Dkt. 40) which the Court denied. Dkt. 42. The Court found that together with his age and several health conditions, Mr. Austin was at greater risk of severe complications from COVID despite having previously contracted COVID-19. *Id.* However, the Court further determined after consideration of the 18 U.S.C. § 3553(a) factors that it could not find that he is not a danger to the community if released. *Id.* Mr. Austin thereafter filed a *pro se* Motion for Reconsideration and Amendment to that Motion. Dkts. 43-44. The Court denied the Motion noting also that Mr. Austin had been vaccinated against COVID. Dkt. 45 at 3. Five months later, he filed the current pending Motion.

## ANALYSIS

In its decision denying Mr. Austin's previous Motion for Consideration, the Court set forth the legal standard he would have to meet to prevail on the motion. Dkt. 45 at 1-2. Without restating the entire analysis, it is sufficient to reiterate that a motion for reconsideration is a request for an "extraordinary remedy to be used sparingly;" that it is not intended to provide litigants with a "second bite at the apple;" and that it does not offer an opportunity to reargue a party's position. Dkt.

45 at 2 (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001); and *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)).

When denying Mr. Austin's previous Motion to Reconsider, the Court noted that his reiterating his medical conditions, alleging spread of the COVID Delta variant at Lompoc, and raising addiction issues was insufficient grounds to warrant reconsideration. Dkt. 45 at 3-4. In his current Motion, he continues to be concerned for his health citing the identification of new Covid variants, the rapid spread of the Omicron variant, the rising risk of reinfections, and alleged irregularities at Lompoc in under reporting COVID cases and related deaths and in reinstating crowded housing arrangements. Dkt. 46 at 1-4. He concludes by asking the Court to also consider his completion of additional programming. *Id*. at 5.

The Court appreciates that Mr. Austin may have valid health concerns given his medical conditions, the emergence of new COVID variants, and the risk of reinfection, especially in a crowded prison setting, even if vaccinated. The Court notes that according to the Bureau of Prisons' website, although disputed by Mr. Austin, his facility currently has no inmates and one staff member with active COVID-19 infections. https://bop.gov/coronavirus (last accessed June 2, 2022). And it applauds his completion of additional programming. However, the Court finds that Mr. Austin has presented nothing in his renewed Motion to Reconsider

that changes its initial determination that his post-sentence conduct and medical concerns do not override its § 3553 analysis. Dkt. 42 at 3. His current Motion to Reconsider, which is essentially his third bite at the apple, raises basically the same health-related issues as did his first which the Court found insufficient to warrant reconsideration. Dkt. 45.

## ORDER

**IT IS ORDERED that** Merrill Lee Austin's Motion for Reconsideration (Dkt. 46) is **DENIED**.

DATED: June 13, 2022

B. Lynn Winmill
U.S. District Court Judge